**De'Onder CONQUEST, Plaintiff–Appellant,**

v.

**Gerald BERGE, et al., Defendants–Appellees.**

No. 01–4181.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 1, 2002.*

Decided Aug. 12, 2002.

Before POSNER, EASTERBROOK, and MANION, Circuit Judges.

### ORDER

De'Ondre Conquest, an inmate at the Supermax Correctional Institution ("SMCI") in Boscobel, Wisconsin, brought suit under 42 U.S.C. § 1983, charging that the defendant prison and medical personnel violated his Eighth Amendment rights by providing deficient medical care for his stomach cancer. He now appeals from the district court's grant of summary judgment for the defendants.

Conquest, who has been incarcerated in the Wisconsin system since April 1998, was transferred to SMCI in April 2000 in part because he was selling his medications to inmates at his previous institution. SMCI does not have an infirmary on site, but the state has contracted with a private company, defendant Prison Health Services, Inc., ("PHS") to provide medical treatment to SMCI inmates. During the thirteen-month period that is relevant to this case, PHS staff provided Conquest with around-the-clock medical care. Among other things they administered Oxycodone, a medication intended to treat acute episodes of pain, to Conquest eight times a day. They also gave him thirteen other medications, most on at least a daily basis, and catheterized him whenever he needed to urinate. In addition Conquest met at least once a month with a PHS nurse to discuss his medical condition and care, and was transported monthly to the University of Wisconsin Medical Center to see an oncologist.

In this suit Conquest seeks damages and injunctive relief against thirteen defendants, including PHS, PHS staff, and SMCI warden Gerald Berge. He asserted two theories of liability below–that the defendants were deliberately indifferent to his medical needs by failing to timely deliver his Oxycodone nine times over a thirteen-month period, and by not following his oncologist's recommendation that he receive the Oxycodone "as needed" and

---

* After examining the briefs and record, we conclude that oral argument is unnecessary, and the appeal is submitted for decision. *See* Fed. R.App. P. 34(a)(2).

**4**

dispensing it instead on a three-hour schedule. On appeal Conquest abandons any reliance on this second theory, focusing on his other argument that the nine delays in treatment constituted cruel and unusual punishment. But in light of the totality of care that Conquest received, no reasonable factfinder could conclude that those nine delays were anything but isolated instances of neglect, and negligence is not deliberate indifference. *Estelle v. Gamble,* 429 U.S. 97, 105–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Gutierrez v. Peters,* 111 F.3d 1364, 1375 (7th Cir.1997); *Sellers v. Henman,* 41 F.3d 1100, 1102–03 (7th Cir.1994). Conquest received continuous and extensive medical treatment over the thirteen months in question; during that period (or even during the nine-month period that he now says is the relevant time-frame), Conquest received thousands of administrations of Oxycodone alone, and he complains of only nine instances of delay. Conquest points out that four of the delays allegedly occurred during a three-week period from April 10 to May 1, 2001. But though it is true that the inference of deliberate indifference is stronger where more negligent acts are committed in a shorter time interval, *Sellers,* 41 F.3d at 1103, the four delays in treatment here cannot reasonably give rise to such an inference in view of the fact that Conquest received about 170 administrations of Oxycodone–not to mention his many other medications–during even that shorter time-frame. *See Walker v. Peters,* 233 F.3d 494, 501 (7th Cir.2000) (given totality of care prisoner received for his hemophilia, isolated incidents of delay in administering clotting protein could not be construed to be deliberate indifference); *Gutierrez,* 111 F.3d at 1374–75 (isolated instances of neglect during an otherwise continuous ten-month stretch of adequate medical care did not give rise to an inference of deliberate indifference); *cf. Reed v. McBride,* 178 F.3d 849, 855–56 (7th Cir. 1999) (repeated deprivations of food and medication for three to five days at a time could not be considered isolated examples of neglect).

AFFIRMED.